UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BRAD R. JOHNSON, | ) Civil Action No.: 4:09-cv-1758-TLW-TER |
| Plaintiff, | ) |
| -vs- | ) |
| | ) **REPORT AND RECOMMENDATION** |
| COUNTY OF HORRY, STATE OF SOUTH CAROLINA; HUBERT MISHOE; JANET CARTER; JOHN WEAVER; TAMMY BARNHILL; and BRENDA GORSKI; | ) |
| Defendants. | ) |

**I.   INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff alleges causes of action for equal protection and due process violations. Plaintiff also seeks a declaratory judgment that section 512(a) of the Horry County Zoning Ordinance is unconstitutional and asks that Defendants be enjoined from enforcing the ordinance. Presently before the Court is Defendants' Motion to Dismiss (Document # 16) pursuant to Rule 12(b)(6), Fed.R.Civ.P. Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the Motion to Dismiss could result in the Motion being granted and dismissal of his Complaint. Plaintiff timely filed a Response in opposition to the Motion.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the

pending motion is dispositive, this Report and Recommendation is entered for review by the district judge.

## II.  FACTUAL ALLEGATIONS

Plaintiff was a resident of Horry County, South Carolina, from January 5, 2005, until April 22, 2007.  Complaint ¶ 2.  During his residency in Horry County, Plaintiff was charged with violating Horry County Zoning Ordinance 512(b)(1).  Id. at ¶ 13.  Section 512(a) of the Horry County Zoning Ordinance requires that "no accessory building, structure, or any use in any zoning district shall be established, erected, or maintained without a principal use, must be separated at least six (6) feet from any other building, structure, or use and must meet setbacks for the district."  Subsection (b)(1) provides the following exception to subsection (a):  "One (1) storage shed at a single family residence, one hundred fifty (150) square feet or less in size, may be located no closer than five (5) feet from an adjacent side or rear property line provided that the above mentioned six (6) foot separation is maintained and further provided that no storage shed may be located within any easement."  On June 11, 2007, Plaintiff proceeded before a jury and was criminally tried, convicted and sentenced for violating the ordinance.  Complaint ¶ 15.  Subsequently, on October 24, 2007, when Plaintiff met with Defendant Carter, the Director of Horry County Planning and Zoning, to serve some papers in connection with his appeal of the criminal conviction, Defendant Carter informed Plaintiff that Horry County Zoning Ordinance section 512(a) prohibited him from placing "any combination of materials on his property" located within Horry County.  Id. ¶ 19.  Plaintiff appears to allege that between October 24, 2007, and May 1, 2009, he was prevented from placing other storage units on his property.  Id. ¶ 22.

### III. STANDARD OF REVIEW

The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

### IV. DISCUSSION

Defendants argue that Plaintiff's Complaint, alleging constitutional violations in connection with his state criminal proceedings, is subject to dismissal based on the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1997). In Heck, the Court stated:

> We hold that, in order to recover damages [or other relief][1] for allegedly

---

[1] See Johnson v. Freeburn, 29 Fed. Supp.2d 764, 772 (S.D.Mich.1998) (under Heck v. Humphrey, the nature of the relief sought is not the critical question; rather, it is the grounds for

> unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, ... a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87.

In his Complaint, Plaintiff seeks a declaratory judgment that Horry County Zoning Ordinance 512(a) is unconstitutional on its face and as applied to Plaintiff. He also seeks to enjoin Defendants from enforcing Horry County Zoning Ordinance § 512(a). Plaintiff also claims that he was denied equal protection of the laws and due process as guaranteed by the Fourteenth Amendment. Defendants appear to assume that these claims arise out of his June 11, 2007, conviction and that Plaintiff seeks damages arising out of that conviction. However, a thorough review of the Complaint and Plaintiff's Response to Defendants' Motion reveals that Plaintiff has alleged no such claims.[2] Plaintiff does not allege that he was denied equal protection and due process as a result of his conviction on June 11, 2007, but, rather, as a result of Defendants' actions following his conviction regarding other structures on his property. The factual allegations regarding his conviction are included in the facts section of his Complaint. His actual causes of action, however, relate to events

---

relief); see also Clemente v. Allen, 120 F.3d 703 (7th Cir.1997) (injunctive relief sought).

[2]If Plaintiff was alleging that his conviction was unconstitutional because he was denied equal protection and due process, then his claims would be barred by Heck v. Humphrey because a favorable judgment on those claims would necessarily imply the invalidity of his conviction.

subsequent to his conviction. For example, with respect to his request for a declaration that section 512(a)[3] is unconstitutional and an injunction preventing Defendants from enforcing the ordinance, Plaintiff alleges that "the promulgation and threatened enforcement of the 'Law' have caused and will cause Plaintiff JOHNSON unusual hardship and irreparable injury." Complaint ¶ 29 (emphasis added). Further, Plaintiff asserts that "in view of Defendants' threatened enforcement of the 'Law' and Plaintiff JOHNSON's contention that the promulgation of the 'Law' and its enforcement are null and void, there is an actual controversy within the jurisdiction of this Court." Id. at ¶ 31 (emphasis added). Plaintiff also alleges that Defendants deprived him of equal protection of the laws "in that solely because Plaintiff JOHNSON was the object of a complaint (or publicly spoke against the unconstitutionality of the 'Law'), Plaintiff JOHNSON's other Storage Units were labeled as 'structures' and therefore prohibited from being placed on Plaintiff JOHNSON's property . . . under Horry County Zoning Ordinance Section 512(a) and Section1308." Id. at ¶ 36 (emphasis added). Finally, Plaintiff alleges that he has been denied due process protections because Defendants have "labeled Plaintiff Johnson's other Storage Units as 'structures' thereby preventing said storage units from being placed on Plaintiff JOHNSON's property . . . under Horry County Zoning Ordinance Section 512(a) and 1308." Id. at ¶ 52 (emphasis added). Plaintiff's claims arise out of threats of enforcement made by Defendants with respect to Plaintiff's other storage units, rather than the actual conviction regarding the storage unit at issue in the original trial.

Plaintiff's Response supports this reading of his Complaint. Plaintiff states that the Complaint does not attack any state court judgment and is not premised on a claim that the state

---

[3]Importantly, Plaintiff seeks a declaration that section 512(a), not section 512(b)(1), the section under which he was convicted, is unconstitutional.

court judgment denied Plaintiff some constitutional right. Response ¶ 3. Plaintiff further states that the present action was not caused by any prior state court judgment. Id. Although stated within the context of his argument that the Rooker-Feldman doctrine is inapplicable here, Plaintiff's assertions in his Response reveal that his claims arise out events other than his June 11, 2007, conviction. Accordingly, it does not appear that a judgment in favor of Plaintiff on these claims would imply the invalidity of the criminal conviction on June 11, 2007. Plaintiff alleges no other convictions or judgments from which his claims could arise. Therefore, Plaintiff's causes of action are not barred by Heck v. Humphrey.

Defendants also argue that, "to the extent Plaintiff complains of the outcome and seeks a change in the result of the Horry County Summary Court Zoning case and seeks to sue various persons and entities involved in that case in order to obtain the change of outcome of the case," the Complaint is also barred by the Rooker-Feldman doctrine. Motion p. 4. The Rooker-Feldman doctrine, as enunciated in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), holds that lower federal courts cannot engage in appellate review of state court decisions. Feldman, 460 U.S. at 482, 103 S.Ct. 1303, 75 L.Ed.2d 206. The United States Supreme Court reasoned that once in the state court system, litigants must exhaust all means of appeals in that system. Id. at 483, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206. A litigant may then appeal the final state court decision to the United States Supreme Court. Id. Thus, the Rooker-Feldman doctrine precludes federal "review of adjudications of the state's highest court [and] also the decisions of its lower courts." Shooting Point, L.L.C. v. W.M. Cumming Jr., 368 F.3d 379 (4th Cir.2004) (citing Jordahl v. Democratic Party, 122 F.3d 192, 199 (4th Cir.1997)). Plaintiff does not

challenge the outcome of his conviction in the Horry County Summary Court. His claims arise out of subsequent, threatened enforcement of the ordinance at issue as to other structures on Plaintiff's property. Accordingly, the Rooker-Feldman doctrine is inapplicable here as well.

## V.     CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss (Document # 16) be denied.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 23, 2010
Florence, South Carolina

**The parties are directed to the important notice on the following page.**