**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| BRAD R. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | C.A No.: 4:09-cv-1758-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| | ) | |
| COUNTY OF HORRY, STATE OF | ) | |
| SOUTH CAROLINA; HUBERT | ) | |
| MISHOE; JANET CARTER; JOHN | ) | |
| WEAVER; TAMMY BARNHILL; | ) | |
| and BRENDA GORSKI; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). [Doc. # 16]. Brad R. Johnson ("Plaintiff") is proceeding pro se and brings this civil rights action under 42 U.S.C. § 1983. Plaintiff alleges causes of action for equal protection and due process violations. Plaintiff also seeks a declaratory judgment that Horry County Zoning Ordinance § 512(a) is unconstitutional and asks that Defendants be enjoined from enforcing the ordinance. Plaintiff filed his Response in Opposition to Defendants' Motion to Dismiss [Doc. # 27] on October 7, 2009.

United States Magistrate Judge Thomas E. Rogers, III filed his Report and Recommendation [Doc. # 38] on July 23, 2010, in which he recommends that Defendants' Motion to Dismiss be denied. Defendants timely filed their objections to the Magistrate Judge's Report and Recommendation on August 2, 2010. [Doc. # 41].

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). After reviewing the motions, memoranda, and the applicable law, the court adopts the Magistrate Judge's Report and Recommendation and denies Defendants' Motion to Dismiss.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff was a resident of Horry County, South Carolina from January 7, 2005, until April 22, 2007. [Doc. # 1, ¶ 2]. While residing in Horry County, Plaintiff was charged with violating Horry County Zoning Ordinance § 512(b)(1). [Doc. #1, ¶ 13]. Section 512(a) of the Horry County Zoning Ordinance requires that "no accessory building, structure, or any use in any zoning district shall be established, erected, or maintained without a principal use, must be separated at least six (6) feet from any other building, structure, or use and must meet setbacks for the district." [Doc. # 1, ¶ 9]. Subsection 512(b)(1) provides the following exception to § 512(a): "One (1) storage shed at a single family residence, one hundred fifty (150) square feet or less in size, may be located no closer than five (5) feet from an adjacent side or rear property line provided that the above mentioned six (6) foot separation is maintained and further provided that no storage shed may be located within any easement." [Doc. # 1, ¶ 9]. On June 11, 2007, Plaintiff was criminally tried

before a jury, convicted and sentenced for violating section 512(b)(1). [Doc. # 1, ¶ 15]. Subsequently, on October 24, 2007, when Plaintiff met with Defendant Carter, the Director of Horry County Planning and Zoning, to serve some papers in connection with his appeal of the criminal conviction, Defendant Carter informed Plaintiff that Horry County Zoning Ordinance § 512(a) prohibited him from placing "any combination of materials on his property" located within Horry County. [Doc. # 1, ¶ 21]. Plaintiff appears to allege that between October 24, 2007, and May 1, 2009, he was prevented from placing other storage units on his property. [Doc. # 1, ¶ 22].

## LEGAL STANDARD

To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)). The purpose of this requirement is to "give the defendant fair notice . . . of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts which are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955) (internal quotation marks

omitted).

In evaluating a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences, is liberally construed in the plaintiff's favor. *See McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). The court may consider only the facts alleged in the complaint, which may include "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

## DISCUSSION

Defendants moved to dismiss the Complaint for failure to state a claim arguing that any recovery by Plaintiff would necessarily imply that Plaintiff's criminal conviction under Horry County Zoning Ordinance § 512(b)(1) would be invalid. Defendants argue that *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) governs this issue because in that case the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeus corpus."

*Id*. (citing 28 U.S.C. § 2254). In other words, an individual convicted of a crime cannot bring a civil suit challenging the conviction and resulting imprisonment until and unless the conviction is

overturned.  *Id.*  Therefore, as Defendants argue, Plaintiff's Complaint is not cognizable since his causes of action have not accrued.

Defendants also argue that Plaintiff's claims are precluded by the *Rooker-Feldman* doctrine to the extent that Plaintiff complains about his conviction in the Horry County Summary Court for violating § 512(b)(1) and to the extent he seeks to sue various persons and entities involved in that case in order to change its outcome.  Under the *Rooker-Feldman* doctrine, "United States district courts . . . do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the] [United States Supreme Court]. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (citing 28 U. S. C. § 1257).  According to Defendants, Plaintiff is alleging that Defendants' execution and enforcement of the zoning ordinance against Plaintiff is unconstitutional. Defendants also argue that Plaintiff seeks to change the result of his conviction in the Horry County Summary Court and that the *Rooker-Feldman* doctrine precludes his claims.

The Magistrate Judge recommended denying Defendants' motion to dismiss because  he found that, despite Defendants' assertions to the contrary, Plaintiff's Complaint and its underlying causes of action do not arise out of his conviction under § 512(b)(1).  Instead, according to the Magistrate Judge, Plaintiff's causes of action arise out of events that followed his conviction regarding other structures on Plaintiff's property under Horry County Zoning Ordinance § 512(a).

Defendants object arguing that a thorough reading of Plaintiff's Complaint reveals that Plaintiff does allege that Defendants violated his constitutional rights by unlawfully executing and enforcing the zoning ordinance against him and that his criminal conviction formed the basis for his

claims. Defendants specifically object that the Magistrate Judge "erroneously" failed to acknowledge that actions Defendants took after his criminal conviction were connected to his underlying criminal conviction pursuant to § 512(b)(1). The court disagrees. The court first notes that Defendants, in their Objections to Report and Recommendation, concede that Plaintiff was convicted under § 512(b)(1). [Doc. # 41, at 2]. Nevertheless, having reviewed Defendants' objections and Plaintiff's Complaint, the court finds that Plaintiff's Complaint does state a claim for relief because his causes of action relate to events that followed his conviction and to the alleged unconstitutionality of § 512(a) and not §512(b)(1) - the ordinance under which Plaintiff was convicted. Defendants seem to argue that because Plaintiff included factual allegations related to his conviction, that Plaintiff is seeking to overturn that conviction. [Doc. # 41, at 2]. Despite the fact that Plaintiff includes these facts in his Complaint, Plaintiff's actual causes of action relate to events that followed his conviction. For example, with respect to his request for a declaration that § 512(a) is unconstitutional and an injunction preventing Defendants from enforcing the ordinance, Plaintiff alleges that "the promulgation and **threatened enforcement** of the 'Law' have caused and will cause Plaintiff JOHNSON unusual hardship and irreparable injury." [Doc. # 1, ¶ 29] (emphasis added). Further, Plaintiff asserts that "in view of Defendants' **threatened enforcement** of the 'Law' and Plaintiff JOHNSON's contention that the promulgation of the 'Law' and its enforcement are null and void, there is an actual controversy within the jurisdiction of this Court." [Doc. # 1, ¶ 31] (emphasis added). Plaintiff also alleges that Defendants deprived him of equal protection of the laws "in that solely because Plaintiff JOHNSON was the object of a complaint (or publicly spoke against the unconstitutionality of the 'Law'), Plaintiff JOHNSON's **other Storage Units** were labeled as 'structures' and therefore prohibited from being placed on Plaintiff JOHNSON's property

. . . under Horry County Zoning Ordinance Section 512(a) and Section 1308." [Doc. # 1, ¶ 36] (emphasis added). Finally, Plaintiff alleges that he has been denied due process protections because Defendants have "labeled Plaintiff Johnson's **other Storage Units** as 'structures' thereby preventing said storage units from being placed on Plaintiff JOHNSON's property . . . under Horry County Zoning Ordinance Section 512(a) and 1308." [Doc. # 1, ¶ 52] (emphasis added). Plaintiff's claims arise out of threats of enforcement made by Defendants with respect to Plaintiff's other storage units, rather than the actual conviction regarding the storage unit at issue in the original trial.

Plaintiff's Response also persuades the court that this reading of his Complaint states a claim sufficient to withstand a motion to dismiss. [Doc. # 27]. Plaintiff states that the Complaint does not attack any state court judgment and is not premised on a claim that the state court judgment denied Plaintiff some constitutional right. [Doc. #27, ¶ 3]. Plaintiff further states that the present action was not caused by any prior state court judgment. [Doc. #27, ¶ 3]. Although stated within the context of his argument that the *Rooker-Feldman* doctrine is inapplicable here, Plaintiff's assertions in his Response reveal that his claims arise out of events other than his June 11, 2007, conviction. Accordingly, it does not appear that a judgment in favor of Plaintiff on these claims would imply the invalidity of the criminal conviction on June 11, 2007, and Plaintiff alleges no other convictions or judgments from which his claims could arise. Therefore, Plaintiff's causes of action are not barred by *Heck* because they arise out of actions that took place **after** his conviction under Horry County Zoning Ordinance § 512(b)(1) and allege that § 512(a) is unconstitutional.

**CONCLUSION**

For the reasons stated above, the court adopts the Magistrate Judge's Report and Recommendation. [Doc. # 38]. Accordingly, Defendants' Motion to Dismiss [Doc. # 16] is **DENIED** .

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

December 23, 2010
Greenville, South Carolina