UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BRAD R. JOHNSON, | Civil Action No.: 4:09-cv-1758-JMC-TER |
| Plaintiff, | |
| -vs- | |
| | **ORDER** |
| COUNTY OF HORRY, STATE OF SOUTH CAROLINA; HUBERT MISHOE; JANET CARTER; JOHN WEAVER; TAMMY BARNHILL; and BRENDA GORSKI; | |
| Defendants. | |

I.  **INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff alleges a cause of action of equal protection violations. Presently before the Court are Plaintiff's Motion to Compel (Document # 113) and Defendants' Motions for Protective Order (Document # 117).[1] These motions arise out of the deposition of Defendant Tammy Barnhill as noticed by Plaintiff and documents requested by Plaintiff. A hearing was held via telephone conference on May 2, 2012. Pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

Defendant Barnhill was deposed on December 7, 2011, from 11:55 a.m to 1:08 p.m. During the deposition, Barnhill discussed written warnings that were given to individuals believed to be in violation of the ordinances at issue in this case prior to a ticket being issued. Barnhill Dep. pp. 39-40

---

[1] The undersigned previously entered on Order (Document # 124) granting in part and denying in part these Motions as they relate to depositions of and document requests to other Defendants, but held in abeyance a ruling on the Motions as they relate to Defendant Barnhill.

(attached as Ex. 3 to Plaintiff's Motion to Compel). During the deposition, Plaintiff asked that the written warnings be produced in accordance with his previously served Requests for Production. Barnhill Dep. pp. 47-48. Plaintiff also stated, "Why don't we then adjourn for the moment and continue the – the deposition – do you – when I can get the documents?" Barnhill Dep. p. 49. Counsel for Defendants did not consent to an adjournment of the deposition. Barnhill Dep. p. 49. Counsel for Defendant asked that Plaintiff continue the deposition with any questioning not relative to the written warnings, but Plaintiff indicated that he could not continue the deposition without the warnings. Barnhill Dep. p. 50. Neither party timely addressed this issue.

In his Motion to Compel, Plaintiff seeks an Order directing Defendant Barnhill to produce "any and all warning tickets regarding Horry County Zoning Ordinance, Section 512 issued during the period January 1, 2006, to the present in the custody or control of Defendant Tammy Barnhill." Motion to Compel p. 3. Plaintiff seeks relief under Rules 34(a) and 37(a)(3)(B), Fed.R.Civ.P., and Local Rule 37.01, D.S.C. Local Rule 37.01(A), D.S.C., requires that a Motion to Compel "must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed . . . ." Defendants' Responses to Plaintiff's Requests for Production were served on September 15, 2010. See Plaintiff Ex. 6 to Barnhill Dep. Although Plaintiff did file a Motion to Compel (Document # 50) addressing Defendants' Answers to Plaintiff's Interrogatories served on the same date, he did not raise any issues with respect to Defendants' Responses to his Requests for Production. Even if Plaintiff did not become aware of the alleged deficiency in Defendants' Responses[2] until he took Barnhill's deposition on December 7, 2011, his Motion to Compel was still

---

[2] Horry County has issued warning tickets to Plaintiff in the past. See, e.g., Additional Attachments to Motion to Compel (Document # 129).

untimely as it was not filed until April 16, 2012, far outside the twenty-one day time frame.[3] Therefore, Plaintiff's Motion to Compel is denied as untimely.

Even if Plaintiff's Motion to Compel was timely, denial of the Motion is still appropriate under Rule 26(b)(2)(C)(iii), Fed.R.Civ.P., which provides that the court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Defendant argues that the requested documents are immaterial and irrelevant to the instant litigation. During the hearing, Plaintiff argued that the warning tickets were relevant to his equal protection claim. He described his claim as follows:

> Here's the basis for the equal protection claim. Number one, the plaintiff owns property in Horry County whereupon plaintiff has placed four sheds that are allegedly within said property setback areas as those areas are measured from the edge of any easement. Accordingly, plaintiff is similarly situated to that class of persons, A, who own property in Horry County, and, B, who have allegedly placed one or more sheds within said property setback areas as those areas are measured from the edge of any easement.
> Number two, based upon established policies, practices and procedures of the defendant, Horry County, in administering and enforcing Horry County Zoning Ordinance 512(13)(o)(8), when each of the individual county defendants either, A, received notice of a complaint with regard to a shed being placed in a property setback area that is perceived to be a violation of section 512 as those areas are measured from the edge of any easement, or, B, personally observed the shed being placed allegedly in a property setback area, such individual county defendant issues or causes to be issued a warning ticket for the purpose of intimidating and threatening said person to remove the shed from such property setback area, an act for which such person has no legal obligation to do, the disparate treatment according to the property owners in Horry County for which either a complaint is received or a

---

[3]Local Rule 37.01 provides for extensions if the parties are actively engaged in resolving issues and the agreement to extend is in writing. Neither factor is present in this case.

-3-

personal observation is made concerning the placement of a shed in property setback area implicates the violation of ex post facto principles as those principles are incorporated into the concept of due process.

May 2, 2012, Hearing.

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, (4th Cir.2001). Based upon Plaintiff's argument as presented at the hearing and the allegations of his Complaint, it is unclear how Plaintiff alleges that he was treated differently from others with whom he is similarly situated. Nevertheless, even if Plaintiff can show disparate treatment based upon intentional discrimination, the issue of constitutionality is determined based upon the type of judicial scrutiny warranted. Parham v. Hughes, 441 U.S. 347, 99 S.Ct. 1742, 60 L.Ed.2d 269 (1979). Here, it appears that the lowest level of scrutiny is applicable. See Mitchell v. Commissioner of the Social Sec. Admin., 182 F.3d 272, 274 (4th Cir. 1999) ("In considering an equal protection challenge, we generally will presume the legislation at issue to be valid and will uphold the statute if the classification it draws is rationally related to a legitimate purpose. . . . If, however, the statute employs a suspect class or burdens the exercise of a constitutional right, we exercise strict scrutiny review, upholding the statute only if it is narrowly tailored to serve a compelling state interest.").[4] Accordingly, Plaintiff's equal protection claim appears to be quite tenuous.

Additionally, Defendants argue that the requested documents are incapable of being compiled

---

[4]Plaintiff appears to argue that a strict scrutiny analysis is applicable here because of section 512's alleged violation of the due process guarantee of fair warning. However, based upon the allegations, the ordinance does not appear to burden a constitutional right. Cf. Kramer v. Union Free School District No. 15, 395 U.S. 621 (1969) (Plaintiff challenged statute specifically aimed at limiting who could vote in school board elections and, thus, strict scrutiny analysis applied).

without excessive manpower and/or expense because, as defense counsel is informed and believes based upon the representations of Barnhill, the requested warning tickets are not filed according to violation and, thus, there exists no way to determine whether a particular warning was issued concerning Horry County Zoning Ordinance Section 512 absent each and every warning being manually pulled and reviewed to see if it applies to section 512. The undersigned entered an Order directing Defendants to file an affidavit or affidavits addressing the burden of producing the written warnings requested by Plaintiff no later than Monday, April 30, 2012. Defendants submitted the Affidavit of Sheila Hendrick, Supervisor of the Horry County Code Enforcement Department. Hendrick Aff. ¶ 1. In her Affidavit, Hendrick avers that "thousands of complaint files" exist that "may or may not include warning tickets for all different types of violations, not only those which may be at issue in this case," and that "each file would have to be individually reviewed by trained personnel in order to determine whether a particular warning may have been issued concerning" the ordinances at issue." Hendrick Aff. ¶ 7. During the hearing, Plaintiff offered to limit his request to complaint files from 2008 and beyond and to undertake the burden of reviewing each complaint file to determine if any contains information responsive to his request. However, even under this proposed resolution, Defendant would be burdened by the time and expense of making the information, a time and location available, and by providing someone to accompany Plaintiff during the process during the undoubtedly lengthy amount of time it would take Plaintiff to go through each of the thousands of files.

Accordingly, in addition to being untimely, given the tenuous nature of Plaintiff's equal protection claim and the burden on Defendants to make the requested documents available, pursuant to Rule 26(b)(2)(C)(iii), Fed.R.Civ.P., denial of Plaintiff's Motion to Compel is appropriate for these

reasons as well. Furthermore, Plaintiff agrees that it would be unnecessary to depose Barnhill a second time without the warning tickets.

In sum, Plaintiff's Motion to Compel (Document # 113) production of the warning tickets and the deposition of Defendant Barnhill is **DENIED.** Defendants' Motion for Protective Order (Document # 117) as to Defendant Barnhill's deposition is **MOOT**.

**IT IS SO ORDERED**.

                                                       s/Thomas E. Rogers, III
                                                       Thomas E. Rogers, III
                                                       United States Magistrate Judge

May 4, 2012
Florence, South Carolina