UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BRAD R. JOHNSON, | ) | Civil Action No.: 4:09-cv-1758-JMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| COUNTY OF HORRY, STATE OF | ) | |
| SOUTH CAROLINA; HUBERT | ) | |
| MISHOE; JANET CARTER; JOHN | ) | |
| WEAVER; TAMMY BARNHILL; | ) | |
| and BRENDA GORSKI; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.     INTRODUCTION**

Presently before the Court are Plaintiff's Motion for Leave to Amend First Amended Complaint (Document # 119), Plaintiff's Motion to Compel and to Extend Discovery Deadline (Document # 137), and Defendant's Motion to Stay (Document # 146).[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

**II.    PLAINTIFF'S MOTION TO AMEND COMPLAINT**

In his Motion to Amend his Amended Complaint, Plaintiff seeks to add allegations of conspiracy by the Individual Defendants to violate his constitutional rights under the Fourth and Fourteenth Amendments. The scheduling order deadline for moving to amend the complaint was October 24, 2011. Plaintiff's Motion was filed April 19, 2012. When seeking to amend a pleading

---

[1] Plaintiff's Motion for Declaratory Judgment (Document # 143) and Defendants' Motion for Summary Judgment (Document # 145) are also pending and will be addressed by separate Report and Recommendation.

after an applicable deadline in a scheduling order, a party must satisfy the good cause standard of Rule 16(b), Fed.R.Civ.P., before addressing the merits of a motion to amend under Rule 15(a), Fed.R.Civ.P.  Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008); Dilmar Oil Co., Inc. v. Federated Mt. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997).  Rule 16(b) addresses the diligence of the moving party.  Id.  "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."  Id. (citing 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Procedure § 1522.1 at 231 (2d ed. 1990)).  Plaintiff does not specifically address the good cause standard set forth in Rule 16(b) although he states in his Motion that "it has recently become transparently clear from the deposition testimony of Defendant Carter [#113-6] and Defendant Barnhill [#113-3] that the Individual County Defendants have been engaged [and are continuing to be engaged] in an ongoing conspiracy to deprive Plaintiff of his constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution."  Motion to Amend p. 2.  However, he fails to set forth with any specificity what information was discovered in the depositions.  The depositions of Carter and Barnhill were taken on December 7, 2011.  Thus, even assuming the proposed amendment arises out of information Plaintiff discovered during those depositions, was not diligent in moving to amend his Amended Complaint as the Motion was filed more than four months after the depositions.  Therefore, Plaintiff has failed to show good cause for allowing the amendment outside the Scheduling Order deadline, and, thus, his Motion is denied.

**III.    MOTION TO COMPEL AND FOR EXTENSION OF DISCOVERY DEADLINE**

In his Motion to Compel, Plaintiff seeks an Order compelling the inspection and copying of the "Complaint case files after 2008" as referenced in the Affidavit of Shelia Hendrick, a Supervisor in Defendant Horry County's Code Enforcement Department, and for an extension of the discovery

deadline to allow time for said inspection and copying. The Court recently ruled that the burden of producing (or making available for inspection) these complaint files outweighs their relevance to Plaintiff's claims. See Order (Document # 135) pp. 3-6 (citing Rule 26(b)(2)(C)(iii), Fed.R.Civ.P.).[2] Thus, Plaintiff's Motion is moot.

### IV.    MOTION TO STAY

Defendants move to stay the remaining deadlines in this case for a period of ninety days or until such time and the Court has had an opportunity to rule upon Defendants' Motion for Summary Judgment. Defendants' Motion is denied in part and granted in part. Defendants' request to stay the deadlines is denied. However, the deadline to file Fed.R.Civ.P. 26(a)(3) pretrial disclosures is extended until June 1, 2012. Within fourteen (14) days thereafter, a party shall file and exchange Fed.R.Civ.P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed.R.Civ.P. 32(a)(4). All other deadlines in this case shall remain the same.

### V.    CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Leave to Amend First Amended Complaint (Document # 119) is **DENIED**, Plaintiff's Motion to Compel and to Extend Discovery Deadline (Document # 137) is **DENIED** as moot, and Defendant's Motion to Stay (Document # 146) is **DENIED** in part and **GRANTED** in part. The deadline to file Fed.R.Civ.P. 26(a)(3) pretrial disclosures is extended until **June 1, 2012**. Within fourteen (14) days thereafter, a party shall file and exchange Fed.R.Civ.P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed.R.Civ.P. 32(a)(4). All other deadlines in this

---

[2]Plaintiff likely filed the present Motion prior to receiving the Order in the mail.

case shall remain the same.

       **IT IS SO ORDERED**.

                                                    s/Thomas E. Rogers, III
                                                  Thomas E. Rogers, III
                                                  United States Magistrate Judge

May 23, 2012
Florence, South Carolina