UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BRAD R. JOHNSON, ) | Civil Action No.: 4:09-cv-1758-JMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| COUNTY OF HORRY, STATE OF ) | |
| SOUTH CAROLINA; HUBERT ) | |
| MISHOE; JANET CARTER; JOHN ) | |
| WEAVER; TAMMY BARNHILL; ) | |
| and BRENDA GORSKI; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**I.    INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. §1983.[1] Plaintiff alleges causes of action for Fourteenth Amendment equal protection and Fourth Amendment seizure violations. Plaintiff also seeks a declaratory judgment that section 512(a) of the Horry County Zoning Ordinance is unconstitutional because it is unconstitutionally vague on its face and as applied and asks that Defendants be enjoined from enforcing it. Presently before the court are Plaintiff's Motion for Declaratory Judgment and Injunctive Relief (Document # 143), Defendants' Motion for Summary Judgment (Document # 145), and Plaintiff's Motion for Summary Judgment (Document # 168). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to Defendants' Motion for Summary Judgment could result in the Motion being granted and dismissal of his Complaint.

---

[1] Plaintiff asserts jurisdiction is proper under 28 U.S.C. § 1331 as well as 28 U.S.C. §§ 2201, 2202.

Plaintiff filed a Motion for Extension of Time seeking an extension of fourteen days to file his Response to Defendants' Motion. The court granted the motion in part, allowing Plaintiff an additional seven, rather than fourteen, days to respond. The undersigned indicated in the Order that "no further extensions will be granted in this case." On the date Plaintiff's Response was due, he filed a Motion for Continuance pursuant to Rule 56, arguing that he could not respond to Defendants' Motion for Summary Judgment until he received certain documents that had previously be denied by the undersigned on Motions to Compel. The district judge upheld the denial of the Motions to Compel and the undersigned denied the Motion for Continuance, noting the previous warning that no further extensions would be granted. Thereafter, Plaintiff filed his Response (Document # 192) to Defendants' Motion for Summary Judgment. The undersigned declines to consider the Response as it was untimely filed.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the pending motion is dispositive, this Report and Recommendation is entered for review by the district judge.

## II.    ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff brings his Amended Complaint pursuant to 42 U.S.C. § 1983, seeking monetary damages as well as equitable relief. He asserts causes of action for violations of the Fourth Amendment and Fourteenth Amendment to the United States Constitution and further seeks a declaration finding void Horry County Zoning Ordinance § 512(a) ("ordinance at issue") and enjoining enforcement of the same.

Section 512 of the Horry County Zoning Ordinance provides,

512. - Accessory buildings, structures, and uses
    (a)    Except as otherwise provided, no accessory building, structure, or any use in any zoning district shall be established, erected, or maintained without a principal use, must be separated at least six (6) feet from any other building, structure, or use and must meet setbacks for the district. Accessory uses shall not be located forward of the principal structure.
    (b)    The following exceptions are allowed to the above:
        (1)    One (1) storage shed at a single family residence, one hundred fifty (150) square feet or less in size, may be located no closer than five (5) feet from an adjacent side or rear property line provided that the above mentioned six (6) foot separation is maintained and further provided that no storage shed may be located within any easement.
        (2)    Garages and gazebos may be located in any yard provided all setback requirements are met.
        (3)    ATM Kiosks at existing commercial locations are allowed in any yard provided all setback requirements are met.
        (4)    Mail Kiosks associated with multifamily developments are allowed in any yard provided all setback requirements are met.
        (5)    Swimming pools may meet a six (6) feet minimum setback requirement in any zoning district, and are exempt from building separation requirements; provided that there is a principal use or structure on the land, and that the pool is not located forward of the principal structure.

Plaintiff alleges he was charged with and convicted of violating § 512(b)(1). Plaintiff alleges that his "storage unit, which was located next to his personal residence, was within six feet from said personal resident, allegedly in violation of Horry County Zoning Ordinance 512(a) . . . ." Amended Complaint ¶ 15.[2]

Following his conviction, Plaintiff alleges Defendant Carter, Horry County Director of

---

[2] Paragraphs 13 through 18 of his Amended Complaint include factual allegations regarding Plaintiff's conviction on the original citation under § 512(b)(1). However, this action does not arise out of that conviction, but, rather, the alleged actions taken by Defendants subsequent to his conviction, regarding the application of § 512(a) and alleged other structures on his property. See, e.g., Order (Document # 58) denying Defendants' Motion to Dismiss based upon Heck v. Humphrey and/or the Rooker-Feldman doctrine.

Planning and Zoning, stated that § 512(a) prohibited Plaintiff from placing any combination of materials on his property. Amended Complaint ¶ 19. More specifically, he alleges that Carter stated that "no structure" can exist within the setback areas measured from the edge of any easement, that Plaintiff's property is burdened with easements and "no combination of materials" can be placed on his property within the setback areas measured from the edge of any easement, and that because the alleged setback areas measured from the edge of any easements that burden his property encompass all of his one-half acre, he can place "no combination of materials" on his property, as interpreted by Defendant Horry County. Amended Complaint ¶ 19(a)-(c).

Plaintiff further alleges that he has "refrained to the extent possible, from placing a structure (a combination of materials installed upon land) on Plaintiff's property within said property's setback areas." Amended Complaint ¶ 23.

In Count One of his Amended Complaint, Plaintiff seeks a declaratory judgment and injunction. Specifically, he asserts a claim under the "Federal Declaratory Judgment Act . . . to declare . . . § 512(a) unconstitutionally vague (i) on its face and (ii) as applied to Plaintiff . . . null and void and of no effect and . . . to enjoin . . ." its enforcement. Amended Complaint ¶ 24.

Plaintiff alleges that § 512(a) is "constitutionally void" because "most importantly, the 'Law' is unconstitutionally vague on its face." Amended Complaint ¶ 27(a). He further alleges it is "constitutionally void" as applied to him based upon his rights to equal protection under the Fourteenth Amendment and his rights against unreasonable seizures under the Fourth Amendment. Amended Complaint ¶ 27(b) and (c). Plaintiff alleges that he has been deprived of the use of his property and injured by the promulgation and threatened enforcement of § 512(a). Amended Complaint ¶ 29.

In Count Two, Plaintiff asserts an Equal Protection claim, alleging that because he was "the object of a complaint" he was prohibited from placing "other storage units" on his property within alleged "'setback areas' measured from the edge of any easement." Amended Complaint ¶ 36. He asserts disparate treatment as a result of § 512(a) being administered and enforced against him in an "arbitrary and capricious manner (selective enforcement)." Amended Complaint ¶ 37.

Finally, in Count Three, Plaintiff alleges a Fourth Amendment claim, asserting that Defendants threatened Plaintiff with criminal prosecution for placing a "structure (a combination of materials installed upon land) on Plaintiff's property within said property's 'set-back areas,' where each of the Defendants knew that no criminal law existed that prohibited such placement," and that such threatened enforcement has interfered with Plaintiff's possessory interests in his property, which amounts to an unreasonable seizure under the Fourth Amendment. Amended Complaint ¶ 52

## III. FACTS

Plaintiff was a resident of and/or owned property in Horry County, South Carolina at the times relevant to this action. On August 24, 2005, Plaintiff received a warning ticket that a shed on his property was in the setback area. Plaintiff's Verified Statement ¶ 5. Following conversations with Defendant Hubert Mishoe and Mike Forman, Forman met Plaintiff at his property and Plaintiff pointed to the shed of a neighbor which he asserted was within the setback area. Plaintiff's Verified Statement ¶¶ 7-8. Forman asked Plaintiff if he was making a complaint, to which Plaintiff answered "no." Plaintiff's Verified Statement ¶ 8.

Plaintiff received additional warning tickets on October 4, 2005, and October 27, 2005, issued by Defendant Tammy Barnhill. Plaintiff's Verified Statement ¶¶ 9-10. On November 14, 2005, Plaintiff received an Horry County Uniform Ordinance charging him with violation of Horry

County Zoning Ordinance § 512(b)(1), issued by Tammy Barnhill. Plaintiff's Verified Statement ¶ 11.

On June 11, 2007, Plaintiff was criminally tried and convicted before a jury in magistrate's court and sentenced for violating 512(b)(1). Plaintiff thereafter appealed the conviction. Plaintiff's Verified Statement ¶ 17. The conviction was upheld in the Court of Common Pleas and the Court of Appeals. Plaintiff's Verified Statement ¶¶ 17-19. Plaintiff's Petition for Writ of Certiorari was denied by the Supreme Court. Plaintiff's Verified Statement ¶ 20.

Following his conviction, on October 24, 2007, Plaintiff asserts that he met with Defendant Carter, the Director of Horry County Planning and Zoning, to serve some papers in connection with his appeal of the criminal conviction, and was informed that Horry County Zoning Ordinance § 512(a) prohibited him from placing "any combination of materials on his property" located within Horry County because of the easements that burdened his property and the setback areas of the property "as they are measured from the edge of any easement." Plaintiff's Verified Statement ¶ 23.[3] Defendant Carter denies having this conversation with Plaintiff and asserts during her deposition that she previously met Plaintiff only once before, during his trial on the first charge. Carter Dep. pp. 36, 8, 10. Plaintiff asserts that as a result of this discussion with Carter, he refrained, "to the extent possible," from placing a structure on his property within the setback areas. Plaintiff's Verified Statement ¶ 23.

---

[3]In his Amended Complaint, he cites various portions of the Zoning Ordinance, including Article VIII, which sets forth the setbacks as measured from the property line. Amended Complaint ¶ 9 (p. 10). However, no where in the record does Plaintiff identify the setback areas as they are measured from the edge of any easement or any setbacks applicable to easements.

## III. STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers,

or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

IV.  **DISCUSSION**

   A.  **Motions Before the Court**

Presently before the court are three motions: Defendants' Motion for Summary Judgment in which they seek dismissal of each of Plaintiff's causes of action; Plaintiff's Motion for Declaratory Judgment and Injunctive relief in which he seeks judgment in his favor on Count One (Declaratory Judgment and Injunction) of his Complaint; and Plaintiff's Motion for Summary Judgment in which he seeks judgment in his favor on Counts Two (Violation of Fourteenth Amendment Equal Protection) and Three (Violation of Fourteenth Amendment Due Process) of his Complaint. In his Motion for Declaratory Judgment and Injunctive Relief, Plaintiff cites to Rule 57, Fed.R.Civ.P., and 28 U.S.C. § 2201 as the bases for his Motion. However, neither Rule 57 nor § 2201 provide for a motion for declaratory judgment. See Treece v. South Carolina Dep't of Mental Health, No. 3:08-3909-DCN-JRM, 2010 WL 1254927, *2 (D.S.C. Mar. 24, 2010) (holding that a Complaint, not a Motion, is the proper mechanism for seeking declaratory relief). Plaintiff appears to be seeking summary judgment on the Declaratory Judgment and Injunction count in his Complaint. That is, Plaintiff appears to argue that no dispute of fact exists and that he is entitled to judgment as a matter of law. Thus, Plaintiff's Motion for Declaratory Judgment and Injunction will be treated as a Motion for Summary Judgment and the court will apply the standard of review set forth in Rule 56, Fed.R.Civ.P. Rather than address each Motion separately, the undersigned will address each cause of action to determine whether summary judgment in favor of either Plaintiff or Defendants is

appropriate.

### C. Count One: Declaratory Judgment and Injunction

In his Amended Complaint, Plaintiff seeks a declaration that the ordinance at issue is unconstitutional for three reasons: (1) it is unconstitutionally vague on its face and as applied to him; (2) as applied to him, it denies his Fourteenth Amendment guarantee of equal protection, and (3) as applied to him, it deprives him of his Fourth Amendment guarantee that his property will not be subject to unreasonable seizure. Amended Complaint ¶ 27. Further, Plaintiff asks that Defendants be enjoined from "executing unconstitutional practices and procedures administering and enforcing Horry County Zoning Ordinance Section 512(a)." Id. ¶ 24.

In his Motion for Declaratory Judgment and Injunctive Relief, Plaintiff's arguments are somewhat different from the allegations raised in his Complaint. In his Motion, he seeks

1. A Declaratory Judgment.
   -- Under the "Plain Meaning" rule, as a matter of law, Section 512(a) of the Horry County Zoning Ordinance does NOT prohibit, subject to criminal penalties, the placing of a storage shed either (1) within the "setbacks for the district" or (2) within six feet from a structure; **or, in the alternative,**
   -- As applied to the placement of storage sheds on residential property, as a matter of law, Section 512 of the Horry County Zoning Ordinance is unconstitutionally vague as a substantive criminal statute because:
   (1) Section 512(a) is uncertain due to semantic vagueness with respect to the word "structure" and/or
   (2) Section 512(a) does NOT prohibit the placing of a storage shed within the "setbacks for the district" or within six feet from a structure given the **statutory context** of Section 512.
2. A Permanent Injunction.
   -- Defendants are hereby enjoined from applying Section 512 of the Horry County Zoning Ordinance to prohibit the placing of a storage shed either (a) within the "setbacks for the district" or (b) within six feet from a structure because either (1) under the "Plain Meaning" rule, as a matter of law, Section 512(a) does NOT prohibit such

placement, subject to criminal penalties, OR (2) as a matter of law, Section 512 is unconstitutionally vague as a substantive criminal statute.

Motion for Declaratory Judgment and Injunctive Relief p. 2.

In his Motion for Declaratory Judgment and Injunctive Relief, Plaintiff cites to Rule 57, Fed.R.Civ.P., and 28 U.S.C. § 2201 as the bases for his Motion. However, as touched upon above, neither Rule 57 nor § 2201 provide for a motion for declaratory judgment. See Treece v. South Carolina Dep't of Mental Health, No. 3:08-3909-DCN-JRM, 2010 WL 1254927, *2 (D.S.C. Mar. 24, 2010) (quoting Kam-Ko Bio-Pharm Trading Co., Ltd.Australia v. Mayne Pharma (USA), Inc., 560 F.3d 935, 943 (9th Cir.2009)) ("'[A] party may not make a motion for declaratory relief, but rather, the party must bring an action for a declaratory judgment.'"). Accordingly, the additional relief raised in his Motion for Declaratory Judgment that was not pleaded in his Amended Complaint is not properly before the court.[4]

Plaintiff first alleges in the Amended Complaint that the ordinance at issue is unconstitutionally vague on its face as a substantive criminal statute. Criminal statutes run afoul of the Due Process Clause of the Fifth Amendment when they do not provide adequate notice to a person of ordinary intelligence of the criminality of their conduct or are so vague as to encourage

---

[4]Furthermore, Plaintiff's request for an interpretation of § 512(a) is not a constitutional issue but, rather, a state law issue, over which this court would have only supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Thus, to the extent Plaintiff has sought this relief in the Amended Complaint or it is otherwise properly before the court, the undersigned recommends that the court decline to exercise supplemental jurisdiction because, as discussed below, dismissal of the constitutional issues before the court is appropriate. See, e.g., 28 U.S.C. § 1367(c)(3) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction...."); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995) (holding district court did not abuse its discretion in declining to retain jurisdiction over the state law claims).

arbitrary and discriminatory enforcement. United States v. Sun, 278 F.3d 302, 309 (4th Cir.2002) (quoting Kolender v. Lawson, 461 U.S. 352, 357 (1983); Buckley v. Valeo, 424 U.S. 1, 77 (1976)); United States v. Shrader, 675 F.3d 300, 310 (4th Cir. 2012) ("Perfect clarity and precise guidance have never been required" and the test "is necessarily a practical rather than a hypertechnical one."). However, "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." Id. (quoting United States v. Mazurie, 419 U.S. 544, 550 (1975)). In other words, "a statute that does not implicate First Amendment rights can only be challenged for vagueness on an as-applied, and not a facial, basis." U.S. v. Jaensch, No. 1:09-cr-284, 2009 WL 3582210, * 1 (E.D.Va. Oct. 23, 2009). See also United States v. Klecker, 348 F.3d 69, 71 (4th Cir.2003) ("Facial vagueness challenges to criminal statutes are allowed only when the statute implicates First Amendment rights."). Because the ordinance at issue here does not implicate First Amendment rights, Plaintiff's request for declaratory and injunctive relief on this basis is without merit.

Plaintiff's vagueness challenge to § 512(a) as applied to him fails as well. In his Amended Complaint, Plaintiff alleges § 512(a) is vague "as applied" because it violates his rights of equal protection and to be free from unreasonable seizure. It appears from his Motion for Declaratory Judgment and Injunctive Relief that his "as applied" vagueness claim has morphed into a somewhat different claim. As set forth above, in his Motion, he challenges § 512(a) as unconstitutionally vague as applied to him with respect to the word "structure" and because § 512(a) does not prohibit certain activity ("the placing of a storage shed within the 'setbacks for the district' or within six feet from a structure") given the statutory context.

While Plaintiff claims to challenge the ordinance at issue as unconstitutionally vague as

applied to him, he fails because the record is void of any specific facts necessary to sustain this claim to declaratory or injunctive relief. See National Endowment for the Arts v. Finley, 524 U.S. 569, 584, 118 S.Ct. 2168 (1998) (noting that the Court is reluctant to invalidate legislation "'on the basis of its hypothetical applications to situations not before the Court'") (citing FCC v. Pacifica Foundation, 438 U.S. 726, 743, 98 S.Ct. 3026, 3037, 57 L.Ed.2d 1073 (1978)). Plaintiff fails to point to evidence regarding what accessory building, structure or other use is at issue in this case. Furthermore, the record does not disclose how § 512(a) applies to easements, nor does it disclose what, if any, easements burden his property. In other words, he fails to disclose how § 512(a) does or does not apply to him or his property.[5] To address his as applied vagueness claim, the court would have to speculate as to how § 512(a) may or may not actually impact his property. Thus, Plaintiff fails to create an issue of fact sufficient to withstand summary judgment on this claim.

Plaintiff also seeks in his Amended Complaint a declaration that the ordinance at issue is unconstitutionally void because, as applied to him, it violates his Fourteenth Amendment guarantee of equal protection and it deprives him of his Fourth Amendment guarantee not to have his property subjected to an unreasonable seizure. Plaintiff does not address these allegations in his Motion for Declaratory Judgment and Injunctive Relief. However, for the reasons set forth more fully below, Plaintiff fails to show that the ordinance at issue violates either his Fourteenth or Fourth Amendment protections and, thus, a declaration asserting as much or an injunction for these reasons are inappropriate.

In sum, as to count one of Plaintiff's Amended Complaint, in which he seeks declaratory and

---

[5]Of course, this is a different issue than anything a defendant allegedly told Plaintiff about his property, which is discussed in the Fourth Amendment analysis below.

injunctive relief, it is recommended that Plaintiff's Motion for Declaratory and Injunctive Relief be denied and Defendants' Motion for Summary Judgment be granted.

### D. Count Two: Equal Protection Claim

In his second cause of action, Plaintiff alleges that Defendants' enforcement of the ordinance at issue violates the Equal Protection Clause of the Fourteenth Amendment. Plaintiff alleges that Defendants have violated his constitutionally guaranteed right to equal protection by enforcing the ordinance at issue against him, the object of a complaint (as well as the voice of opposition), while not enforcing the ordinance at issue against those who are not the object of a complaint (or "who remain silent in the face of adversity"), "where all such persons are similarly situated." Amended Complaint ¶ 35.

The Fourteenth Amendment's Equal Protection Clause states, in relevant part, that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. The Equal Protection Clause "limits all state action, prohibiting any state from denying a person equal protection through the enactment, administration, or enforcement of its laws and regulations." Front Royal & Warren County Indus. Park Corp. v. Town of Front Royal, 135 F.3d 275, 289 (4th Cir.1998). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir.2001).

Plaintiff asserts that he is similarly situated with other individuals "(a) who own property in Horry County and (b) who have placed one or more sheds within said property's setback areas, as

those areas are measured from the edge of any easement." Plaintiff's Motion for Summary Judgment p. 50. As set forth above, Plaintiff alleges that he has been treated differently because he was the object of a complaint regarding the sheds on his property or because he was outspoken regarding the constitutionality of the ordinance. He points to the deposition testimony of Defendant Tammy Barnhill, who testifies that if she receives a complaint regarding a violation of a zoning ordinance or if she sees somebody with a zoning violation, then the issue is addressed. Barnhill Dep. p. 40. Barnhill further testifies that "there are probably many zoning violations that have not been looked at mainly because we don't have the manpower." Barnhill Dep. p. 47. Plaintiff also asserts in his Verified Statement that Horry County has a policy of only responding to Complaints of personal property being within a property's set back areas. Plaintiff Verified Statement ¶ 8. Indeed, section 1306 of the Horry County Zoning Ordinance provides,

> Whenever a violation of this ordinance occurs, or is alleged to have occurred, any person may file written complaint. Such complaint stating fully the causes and basis thereof shall be filed with the Zoning Administrator. The Zoning Administrator shall record properly such complaint, immediately investigate, and take whatever action is necessary to assure compliance with the ordinance.

Plaintiff presents evidence that alleged violations of the zoning ordinance are addressed only when brought to the attention of the Zoning Administrator while violations that go unnoticed are not addressed. Again, the record does not disclose what structures, if any, are contained on Plaintiff's property or where they are placed.[6] For this reason, he fails to show he is similarly situated to others with storage sheds on their property. Also, his allegation of being treated different from those similarly situated because a complaint was filed against him begs the question. Because a complaint

---

[6]To the extent Plaintiff is challenging the circumstances involving his prior conviction under § 512(b), any such claim is barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1997).

was filed against him, his circumstances are inherently different from those against whom no complaint was made.

However, even assuming for the sake of argument he was treated differently from others similarly situated, Plaintiff fails to present evidence to show that the unequal treatment was the result of intentional or purposeful discrimination. The discriminatory classification must be "clear and intentional." Sylvia, 48 F.3d at 819 (citing Snowden v. Hughes, 321 U.S. 1,8, 64 S.Ct. 397, 88 L.Ed. 497 (1944) (internal citations omitted)). Discriminatory intent implies a particular course of action "at least in part because of, not merely in spite of, its adverse effects upon an identifiable group." Id. (citing Personnel Administrator of Mass. v. Feeney, 442 U.S. 256, 279, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979) (internal citations omitted)). Thus, even if the evidence presented by Plaintiff showed differential treatment, it occurs only as a result of the lack of manpower it would take to patrol all of Horry County in search of zoning violations.[7] Thus, Plaintiff fails to present sufficient evidence to create an issue of fact as to the first element of an equal protection claim, that is, whether any unequal treatment is the result of intentional or purposeful discrimination. Accordingly, summary judgment in favor of Defendants is appropriate on this cause of action.

### E. Count Three: Seizure Claim

In Plaintiff's third cause of action, he alleges that Defendants' enforcement of the ordinance at issue violates his constitutional guarantee under the Fourth Amendment (applied to the states under the Fourteenth Amendment) not to have his property subject to unreasonable seizure. Plaintiff

---

[7]Plaintiff points to section 1300 of the zoning ordinance, which provides that "[t]he Horry County Council shall fund sufficient personnel to administer and enforce the provisions of this ordinance." To the extent Plaintiff is arguing that County Council is violating this section of the ordinance by not providing sufficient funds, this argument is without moment because it still fails to show intentional or purposeful discrimination against him

alleges that an unreasonable seizure of his property occurred when Defendants threatened Plaintiff with criminal prosecution if he placed a structure on his property within the property's set back areas where Defendants knew that no criminal law existed that prohibited such placement.

The Fourth Amendment protects individuals from unreasonable searches and seizures of their persons, houses, papers and effects. Soldal v. Cook County, 506 U.S. 56, 62, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992). The seizure of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." Altman v. City of High Point, 330 F.3d 194, 204 (4th Cir.2003) (quoting United States v. Jacobsen, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984)). With real property, an individual need not be completely deprived of his possessory interests for the deprivation to constitute a seizure. Presley v. City of Charlottesville, 464 F.3d 480, 487 (4th Cir. 2006).

Plaintiff alleges that Defendants threatened him with criminal prosecution under the ordinance at issue if he placed any structures on his property within the property's set back areas as measured from the easements on his property, and that the threats constitute a meaningful interference with his possessory interests in his property because he has refrained from placing any structures on his property as a result. However, the evidence in the record does not support this allegation. Rather, the evidence presented shows that Defendant Carter informed Plaintiff that the ordinance at issue prohibits him from placing any structures on his property. Plaintiff's Verified Statement ¶ 23. Defendant Carter denies having this conversation with Plaintiff, Carter Dep. p. 36, and all Defendants deny ever having threatened Plaintiff in any manner. Mishoe Aff. ¶ 5; Carter Aff. ¶ 5; Weaver Aff. ¶ 5; Barnhill Aff. ¶ 5. Thus, the record reveals only that Plaintiff was informed as to how the ordinance at issue applied to his property, which fails to rise to the level of meaningful

interference with Plaintiff's possessory interest in his property.

In Marcavage v. Borough of Lansdowne, Pa., 826 F.Supp.2d 732 (E.D.Pa. 2011), the plaintiff alleged that a notice posted on his property declaring it an "unlawful rental property" for plaintiff's failure to comply with an ordinance requiring him to obtain a rental license amounted to a seizure of his property under the Fourth Amendment. Marcavage, 826 F.Supp.2d at 745. As a result of the notice, Plaintiff voluntarily left his property. Id. at 738. The court found that the notice did not amount to a seizure of Plaintiff's property. Id. at 747. The notice did not state that the plaintiff would be removed from the property, it did not order him to vacate the premises, nor did it reference any judicial order of eviction. Id. The notice simply informed the plaintiff and others that use of the property as rental property was unlawful under the relevant ordinance. Id.; see also Nikolas v. City of Omaha, 605 F.3d 539, 544–47 (8th Cir.2010) (placarding of landowner's garage as unfit for human occupancy, after city code inspector saw that garage was going to be used in violation of city's zoning ordinance, is not a seizure under Fourth Amendment); United States v. TWP 17 R 4, 970 F.2d 984, 989 (1st Cir.1992) (posting warrant of arrest in rem on parcel of real estate did not constitute seizure of real estate). Likewise, in the present case, Defendant Carter's conduct put Plaintiff on notice that placement of structures on his property would run afoul of the ordinance at issue here. Plaintiff fails to present sufficient evidence to show how this notice amounts to a meaningful interference with his possessory interest in his property as contemplated by the Fourth Amendment. Therefore, Plaintiff fails to create an issue of fact as to whether a seizure took place and, thus, summary judgment in Defendants' favor is appropriate on Plaintiff's third cause of action.

### F. Qualified Immunity

The individual Defendants argue that they are entitled to qualified immunity. The Supreme

Court in Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), established the standard which the court is to follow in determining whether the defendant is protected by this immunity. The Harlow Court held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow, 457 U.S. at 818.

In addressing qualified immunity, "a court must first determine whether the Plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." Wilson v. Layne, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999); see also Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685 (4th Cir.2000). Further, "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." Wilson, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." Porterfield v. Lott, 156 F.3d 563, 567 (4th Cir.1998).

In Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir.1992), the Fourth Circuit Court of Appeals further explained the theory of qualified immunity:

> Governmental officials performing discretionary functions are shielded from liability for money damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Moreover, there are two levels at which the immunity shield operates. First, the particular right must be clearly established in the law. Second, the manner in which this right applies to the actions of the official must also be apparent. Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.

As discussed above, Plaintiff fails to present evidence sufficience to show that the individual Defendants violated his Fourteenth or Fourth Amendment rights when enforcing the ordinance at issue. Nevertheless, assuming <u>arguendo</u> Plaintiff's constitutional rights had been violated, the record before the court shows that as to Plaintiff and the specific events at issue, the individual Defendants performed the discretionary functions of their official duties in an objectively reasonable fashion. They did not transgress any "bright lines" of statutory or constitutional rights of Plaintiff. Thus, the individual Defendants are entitled to qualified immunity.

### G. Vicarious Liability

Plaintiff also argues that Defendant Horry County is vicariously liable for the constitutional violations of its employees, the individual Defendants, because the constitutional violations arose out of a policy or custom of the municipality. Municipalities and other local governing bodies are included among those "persons" who may be sued under § 1983. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, a county or city cannot be liable under § 1983 pursuant to respondeat superior principles. See <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir.1999) ("municipalities are not liable pursuant to respondeat superior principles for all constitutional violations of their employees simply because of the employment relationship") (citing <u>Monell</u>, 436 U.S. at 692–94). In other words, a municipality may not be held liable under § 1983 solely because it employs the tortfeasor; rather, a plaintiff must identify a municipal policy or custom that caused the plaintiff's injury. <u>Board of County Commissioners v. Brown</u>, 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). See also <u>McMillian v. Monroe County, Alabama</u>, 520 U.S. 781, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997) ("If the sheriff's actions constitute county 'policy,' then the county is liable for them."); <u>Knight v.</u>

Vernon, 214 F.3d 544, 552–53 (4th Cir.2000). Because Plaintiff has failed to show that he suffered any constitutional injuries, his allegations against Defendant Horry County fail as a matter of law.

## V. CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Motion for Declaratory Judgment and Injunctive Relief (Document # 143) (construed as a Motion for Summary Judgment on his cause of action for declaratory judgment and injunctive relief) be denied, Defendants' Motion for Summary Judgment (Document # 145) be granted, Plaintiff's Motion for Summary Judgment (Document # 168) be denied, and this case be dismissed in its entirety.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United State Magistrate Judge

July 19, 2012
Florence, South Carolina

**The parties are directed to the important notice on the following page.**