**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Brad R. Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 4:09-cv-01758-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| County of Horry, State of South Carolina; | ) | |
| Hubert Mishoe; Janet Carter; | ) | |
| John Weaver; Tammy Barnhill; and | ) | |
| Brenda L. Gorski, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation [Doc. 198], filed July 19, 2012, recommending that this court deny Plaintiff's Motion for Declaratory Judgment and Injunctive Relief [Doc. 143], deny Plaintiff's Motion for Summary Judgment [Doc. 168] and grant Defendants' Motion for Summary Judgment [Doc. 145].

For the reasons stated below, the court accepts the Magistrate Judge's recommendation.

**FACTUAL AND PROCEDURAL BACKGROUND**

Brad Johnson ("Plaintiff") was a resident of Horry County, South Carolina. While residing in Horry County, Plaintiff installed a shed on his property that was in violation of Horry County Zoning Ordinance § 512. Section 512 provides, in relevant part that

> ". . . no accessory building, structure, or any use in any zoning district shall be established, erected, or maintained without a principal use, must be separated at least six feet from any other building, structure, or use, and must meet setbacks for the district. . . . One (1) storage shed at a single family residence, one hundred fifty (150) square feet or less in size may be located no closer than five (5) feet from an adjacent side or rear property line provided that the above mentioned six (6) foot separation

1

is maintained and further provided that no storage may be located within any easement"

Sometime thereafter, Plaintiff received a written warning, a customary and procedural practice of Horry County's Code Enforcement Department ("Enforcement Department"), notifying Plaintiff that ordinance § 512 required him to obtain a permit for the four (4) sheds he installed on his property. Because Plaintiff failed to comply with the Enforcement Department's written warning, he was charged and later convicted of violating Horry County Zoning Ordinance § 512(b)(1). Plaintiff unsuccessfully appealed his conviction.

Following Plaintiff's conviction, he filed this civil action against Defendants. He alleges that, after he was convicted, Defendants took additional actions against him regarding the application of the ordinance to other structures on his property. Plaintiff expressly argues that Defendants violated his Fourth Amendment rights when Defendants allegedly unreasonably seized Plaintiff's property by interfering with Plaintiff's possessory interest in his personal and real property without legal authority. Furthermore, Plaintiff asserts that Defendants violated his Fourteenth Amendment rights because Defendants allegedly "treated Plaintiff differently from others with whom Plaintiff is similarly situated" by intentionally or purposefully discriminating against Plaintiff in the enforcement of Horry County Zoning Ordinance § 512(a) when there were other alleged Horry county residents in violation of the same ordinance and no zoning enforcement action had been taken against them.

On May 17, 2012, Plaintiff filed a Motion for Declaratory Judgment and Injunctive Relief [Doc. 143] against Defendants. Plaintiff seeks to have § 512(a) declared unconstitutional because he contends that the ordinance "lacks substance as a charge . . . and does not prohibit the placing of a storage shed within the setbacks for the district or within six (6) feet from a structure."

Furthermore, Plaintiff seeks to have Defendants permanently enjoined from applying § 512(a) to residents of Horry County who may have buildings, structures or any use in any zoning areas that are not within the setbacks for the district nor within six (6) feet from a structure as the ordinance presently requires. Moreover, Plaintiff filed a Motion for Summary Judgment [Doc. 168] on June 8, 2012, alleging Defendants violated his Fourth and Fourteenth Amendment Rights.

In response to Plaintiff's Motion for Declaratory Judgment and Injunctive Relief [Doc. 143], Defendants filed a Motion for Summary Judgment [Doc. 145]. Following these filings, on July 19, 2012, the Magistrate Judge issued a Report and Recommendation [Doc. 198] recommending that this court grant Defendants' Motion for Summary Judgment [Doc. 145] and deny Plaintiff's Motions for Declaratory Judgment, Injunctive Relief [Doc. 143] and Summary Judgment [Doc. 168].

## **LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which

give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

The Declaratory Judgment Act declares the rights and liabilities of parties with legal interests in an actual controversy. *See Volvo Const. Equip. North America, Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592-93 (4th Cir. 2004) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)). The controversy ". . . must be definite and concrete and touch the legal relations of parties having adverse legal interests." *White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 913 F.2d 165, 167 (4th Cir. 1990) (citing *Haworth,* 300 U.S. at 127).

"A plaintiff seeking a[n] . . . injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of . . . relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## **DISCUSSION**

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The

4

recommendation has no presumptive weight. *Id.* The responsibility to make a final determination remains with this court. *Id.* This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S. C. § 636 (b)(1).

After receiving the Magistrate Judge's Report, Plaintiff timely filed objections. [Doc. 201]. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

This court finds that the majority of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, or merely restate his claims. However, the court was able to discern several specific objections which warrant discussion. First, Plaintiff objects to the Magistrate Judge's decision to disregard Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment [Doc. 192] as untimely. Plaintiff does not dispute that he failed to file his response within the time allowed by the court. Instead, Plaintiff argues that his filing of a Motion for Continuance [Doc. 171] under Rule 56(d), Fed. R. Civ. P., somehow tolled the due date for his response. However, Plaintiff is mistaken in his understanding of the rule. Nothing in Rule 56(d) exempts a party from his requirements to abide by the scheduling deadlines set by the court. Rule 56(d) simply governs the court's disposition of a summary judgment motion upon a showing by the nonmoving party concerning his inability to present facts in opposition to

5

such motion.  *See* Fed. R. Civ. P. 56(d).  Plaintiff conveniently ignores the fact that he previously sought and was granted an extension of time to respond to Defendants' summary judgment motion and failed to mention to the court at the time of seeking that extension that he could not present facts in opposition to Defendants' motion.  Quite to the contrary, Plaintiff actually assured the court that he would be able to respond within the extended time.  *See* Plaintiff's Motion for Extension of Time [Doc. 164, at 3] ("Plaintiff is confident that he can timely respond on or before June 22, 2012."). Moreover, Plaintiff waited to file his Motion for Continuance [Doc. 171] until the date his response to Defendants' motion was due.  Plaintiff knew the deadline for filing his response, and he simply failed to meet it.  He cannot now be heard to complain that the Magistrate Judge disregarded his untimely filing.  Notwithstanding the Magistrate Judge's determination that Plaintiff's response was untimely, a close review of the record demonstrates that many of Plaintiff's filings are repetitive and the Magistrate Judge's consideration of all of Plaintiff's other filings adequately encompassed the arguments Plaintiff made in his Response to Defendants' Motion for Summary Judgment [Doc. 192]. Accordingly, Plaintiff suffered no prejudice from the Magistrate Judge's finding.

Plaintiff also objects to the Magistrate Judge's organization of the issues presented in the parties' motions.  Specifically, Plaintiff contends that the Magistrate Judge was required to separately address each motion in the exact order it was written.  Plaintiff cites no authority for this argument and the court is not aware of any requirement for the court to organize its orders precisely as the parties organized their pleadings or motions.  Upon review of the Report and Recommendation and the parties' filings, this court is satisfied that the Magistrate Judge adequately addressed the issues presented in the motions.

Plaintiff further objects to the Magistrate Judge's finding that it was not appropriate for the

6

court to consider new matters raised in Plaintiff's motions, but not presented in his Amended Complaint. "A plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment." *Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, 262 F. App'x. 556, 563 (4th Cir. 2008) (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). Accordingly, the Magistrate Judge properly declined to address the additional claims Plaintiff sought to assert in his motions.

The court also finds it appropriate to make some additional comments to supplement the Magistrate Judge's recommendations. Specifically, the court seeks to provide its own insight on Plaintiff's arguments: (1) that Horry County Zoning Ordinance § 512(a) is unconstitutional on its face and as applied to him; (2) that he was intentionally treated differently compared to others similarly situated; (3) that Defendants unreasonably seized Plaintiff's property by establishing a custom of "enforcing reconstructed § 512(a)" and threatening Plaintiff with criminal prosecution; (4) that Defendants' enforcement of § 512(a) against Plaintiff was intentional and purposeful, thus, qualified immunity is inapplicable; and (5) that Horry County is liable for the acts of its employees when Horry County has a policy or custom of enforcing a re-constructed ordinance that does not criminalize any conduct.

Plaintiff has vehemently argued throughout this litigation that § 512(a) is unconstitutional on its face and as applied to him. He has further argued that he is entitled to a permanent injunction against Defendants. However, as noted by the Magistrate Judge, Plaintiff cannot succeed on his claims regarding the constitutionality of § 512(a) because he cannot demonstrate that the ordinance fails to provide adequate notice as required by the Due Process Clause of the Fifth Amendment. *See United States v. Sun*, 278 F.3d 302, 309 (4th Cir. 2002) (citations omitted). Additionally, Plaintiff

has not demonstrated that § 512(a) violates his First Amendment rights or that it "fails to establish standards for the police and public that are sufficient to guard against the arbitrary deprivation of liberty interests." *City of Chicago v. Morales*, 527 U.S. 41, 52 (1999) (finding that imprecise laws can only be attacked on their face if they inhibit the exercise of First Amendment rights or if the laws fail to establish sufficient standards to protect liberty interests). Here, Plaintiff's claim for declaratory judgment challenging the facial constitutionality of the ordinance at issue falls short.

Also, Plaintiff has repeatedly asserted that § 512(a) is unconstitutionally vague and void as applied to him because the word "structure" within the ordinance is unclear and does not prohibit him from "placing a storage shed within setbacks for the district or within six feet from a structure." This argument is also unfounded. Plaintiff contends that he did not install a "structure" on his property, but instead contends that his sheds "are not structures . . . because they are not [a] construction of materials that [were] installed." Plaintiff asserts he *placed* his sheds on his property and *did not install* them. Plaintiff's reliance on semantic gamesmanship has no place here. Whether Plaintiff placed or assembled his sheds on his personal property, such action constitutes an installment. Thus, Plaintiff's argument is unpersuasive, and he is not entitled to a declaratory judgment or injunction.

Plaintiff also asserts that Defendants violated his rights to Equal Protection because he was intentionally selected by Defendants for enforcement of § 512(a) while other residents who were in violation of the ordinance were not subject to enforcement. To be successful on an Equal Protection claim, Plaintiff must prove that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook*

8

*v. Olech*, 528 U.S. 562, 564 (2000). Although Plaintiff claims disparate treatment, the court agrees with the Magistrate's Judge findings that Plaintiff failed to provide sufficient evidence to support his claims. Further, the court agrees with the Report and Recommendation that Plaintiff also failed to show that Defendants' conduct was intentional. Thus, Plaintiff's claims that Defendants violated his Fourteenth Amendment rights are without merit.

Plaintiff further asserts that Defendants unreasonably seized his property. Plaintiff continuously alleges that Defendants threatened him and that such threats interfered with his right to use his property. As the Magistrate Judge notes, there is insufficient evidence to support Plaintiff's argument that Defendants threatened Plaintiff with criminal prosecution if he failed to comply with § 512(a). Therefore, the court is unpersuaded by Plaintiff's contentions on this point.

Fourth, Plaintiff insists that Defendants should not be afforded any protection under the doctrine of qualified immunity. Specifically, Plaintiff argues that the individual Defendants were not performing discretionary functions but rather ministerial duties which generally are not shielded from liability for civil damages should the conduct of the individual Defendants violate any of Plaintiff's constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiff contends the individual Defendants reconstructed § 512(a) to criminalize Plaintiff's conduct whereas the ordinance in its original form criminalizes no such conduct. However, Plaintiff's argument fails because the individual Defendants had no involvement with the construction or reconstruction of § 512(a). Moreover, Defendants' actions are discretionary when enforcing the ordinance because Defendants have the choice to issue warnings or arrest violators. Therefore, Plaintiff is incorrect in his application of qualified immunity.

Lastly, Plaintiff asserts that Defendant Horry County is vicariously liable for the acts of the

individual Defendants, its employees. Plaintiff specifically argues that the individual Defendants committed constitutional violations and because Defendant Horry County did not discipline or reprimand the individual Defendants, Defendant Horry County is liable. However, the court agrees with the Magistrate Judge's finding that the evidence Plaintiff has presented is insufficient to support his argument that the individual Defendants violated his constitutional rights. Thus, a vicarious liability claim against Defendant Horry County fails.

## CONCLUSION

For the foregoing reasons, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Doc. 198]. The court **DENIES** Plaintiff's Motion for Declaratory Judgment and Injunctive Relief [Doc. 143] and Plaintiff's Motion for Summary Judgment [Doc. 168]. The court further **GRANTS** Defendants' Motion for Summary Judgment [Doc. 145] and dismisses this case in its entirety.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 8, 2012
Greenville, South Carolina